48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry T. BROWN, Petitioner-Appellant,
v.
R. Michael CODY; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-6022.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We issue a certificate of probable cause to proceed on appeal, and grant petitioner's motion to proceed in forma pauperis in order to reach the merits of the case.
 
 
 2
 Petitioner Larry Tyrone Brown appeals the district court's denial of his 2254 petition for writ of habeas corpus. He asserts that during deliberations in the sentencing phase of his trial the jury improperly considered the possibility of parole.[2] The district court denied relief, accepting the magistrate judge's finding that no federal constitutional violation was alleged or proven. Pulley v. Harris, 465 U.S. 37, 41 (1984).
 
 
 3
 The district court first determined that a jury's consideration of parole during the sentencing phase of a trial, in violation of Oklahoma state law, would implicate no federal constitutional rights. R. doc. 16. at 1-2 (citing, inter alia, California v. Ramos, 463 U.S. 992 (1983) (if jury considered possibility of executive clemency such consideration not a violation of federal constitutional rights); Drew v. Collins, 964 F.2d 411, 415-16 (5th Cir.1992) (jury consideration of parole improper under state law, but absent showing that prejudiced right to fair trial no federal constitutional violation), cert. denied, 113 S.Ct. 3044 (1993); Dobbs v. Zant, 963 F.2d 1403, 1411 (11th Cir.1991) (defendants "in the sentencing phase of a capital murder trial have no federal right to prevent jury consideration of the possibility that [defendant] will be paroled if sentenced to life imprisonment"), rev'd on other grounds, 113 S.Ct. 835 (1993)).
 
 
 4
 We have no need to determine whether we agree with these courts, as the district court also determined that petitioner failed to allege or show that the jury actually considered the possibility of parole. Because the court refused to answer the questions, and there is no record evidence that the jury considered either accurate or inaccurate information on the possibility of parole, we agree with the district court's determination that the Oklahoma Court of Criminal Appeals' refusal to reduce petitioner's sentence did not violate his federal due process rights.
 
 
 5
 AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In asserting that the jury considered the possibility of parole, petitioner relied on two questions the jury asked the trial court during deliberations: "How long must they serve before they are eligible for parole?" and "Are the sentences concurrent or consecutive for the separate counts?" The trial court responded that he could not answer the questions. R. doc. 1 at 6